UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CAITLYN POLANT,

                Plaintiff,                **COMPLAINT**

                                       **Jury Trial Demanded**

- against -

MET 93, INC., D/B/A THE MAIN EVENT;
EMANUEL CONSTANTATOS, and
GINA BAVARO individually

                Defendants.
-----------------------------------------------------------------X

        Plaintiff, CAITLYN POLANT, by and through her attorneys, LEEDS BROWN LAW, P.C., alleges upon knowledge as to herself and her own actions, and upon information and belief as to all other matters, as follows:

## JURISDICTION AND VENUE

    1.    This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000-e, *et seq.*, the New York State Executive Law, Human Rights Law, Section 290 *et seq.*, and any other cause of action which can be inferred from the facts set forth herein.

    2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343. The supplemental jurisdiction of the Court is invoked over state causes of action pursuant to 28 U.S.C. § 1367.

    3.    Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

    4.    The jurisdictional prerequisites to this lawsuit have been satisfied. On November 26, 2019, Plaintiff filed a Charge of discrimination with the New York State Division of Human

Rights ("NYSDHR"). A copy of this Charge was cross filed with the Equal Employment Opportunity Commission ("EEOC"). After reaching a Determination After Investigation of Probable Cause, on January 31, 2022, the NYSDHR dismissed Plaintiff's Charge for administrative convenience so that Plaintiff could pursue her claims in this venue. On March 28, 2022, the EEOC issued Plaintiff a Right to Sue letter. This action was properly instituted within 90 days of receipt of said letter.

## PARTIES

5. Plaintiff, Caitlyn Polant ("Caitlyn") is a resident of Nassau County, State of New York. At all times relevant to this matter, Plaintiff was an employee of MET 93, INC.

6. Upon information and belief, MET 93, INC., at all times hereinafter mentioned, was and still is a corporation operating The Main Event, a bar/restaurant in the State of New York, with its principal place of business at 1815 Broadhollow Rd #6, Farmingdale, NY 11735. At all relevant times, Defendant has met the definition of an "employer" and a "covered entity" under all applicable statutes.

7. At all times hereinafter mentioned, Defendant EMANUEL CONSTANTATOS ("Constantatos") was an owner, general manager, and president of The Main Event. As such, Constantatos was responsible for maintaining a workplace free from discrimination and sexual harassment.

8. At all times hereinafter mentioned, Defendant GINA BAVARO ("Bavaro") was a co-owner/ manager of The Main Event. As such, Bavaro was responsible for maintaining a workplace free from discrimination and sexual harassment.

## FACTUAL BACKGROUND

9. In January 2018, Caitlyn began working at The Main Event as a server.

10. Starting in or around April 2018, and continuing throughout her tenure, Constantatos inappropriately touched Caitlyn in a sexual manner. Specifically, Constantatos repeatedly groped Caitlyn's buttocks and breasts, rubbed her lower back, and pressed his body against her.

11. Furthermore, throughout Caitlyn's employment, Constantatos repeatedly propositioned her for oral sex and made sexually harassing comments, such as stating that he wanted to "put his dick inside [her]." Caitlyn repeatedly rebuffed Constantatos' sexual advances and did her best to avoid him.

12. Most egregiously, on December 27, 2018, at the Main Event Christmas party, while sitting next to Caitlyn, Constantatos put his hands up her skirt and touched her vagina. Caitlyn was shocked by this behavior and turned away from Constantatos. A few minutes later, Constantatos again attempted to reach up her skirt. Caitlyn asked a coworker, Server/Hostess, Alexa Levi ("Alexa"), to speak in the bathroom and reported the incident to her.

13. At the end of the night, Constantatos attempted to kiss Caitlyn on the lips, but she evaded this unwanted touching. Constantatos then told her to come back so that he could kiss her. However, Caitlyn walked away from him.

14. On or around July 20, 2019, when Caitlyn went to Constantatos' office to pick-up her paycheck, he commented, "turn around and pull up your shirt; I want to see that ass." Caitlyn refused, but Constantatos continued to ask her to pull up her shirt. Caitlyn responded "no, I am leaving now, I am not doing that." Still, Constantatos persisted. He further stated that Caitlyn "gained weight in all the right places" and commented, generally, that her "ass" and "breasts"

3

looked good. Uncomfortable and disgusted, Caitlyn left Constantatos' office.

15. On or around August 7, 2019, Caitlyn complained via text to Defendant Bavaro regarding Constantatos' sexual harassment and assault. Specifically, Caitlyn wrote:

> I'm writing to let you know that I can't come into work on Saturday. I've been repeatedly sexually assaulted by [Constantatos], and I don't feel comfortable coming. It has been going on for over a year, and I cannot tolerate it anymore. He's repeatedly groped my breasts and ass at work, and he constantly asks to have sex with me and do other sexual acts. At our last Christmas party, he put his hand up my skirt and tried to touch my vagina. I've asked him to stop numerous times, but he won't let up. A few weeks ago, he had me come to his office to get my pay check and he wouldn't let me leave unless I pulled up my shirt and showed him my butt. It's humiliating. This has been affecting me a lot mentally and physically. I need my job, but I'm afraid to come to work. He's my boss so I don't know who else to turn to. I don't feel safe, and I cannot come in. Please let me know what I should do.

16. On or around August 8, 2019, Caitlyn spoke with Bavaro over the phone regarding her allegations. During the conversation, Bavaro acknowledged "there's a line that sometimes, you know, can be crossed," and that "some of things that [Constantatos] might say might be inappropriate," and "I know the way he is and stuff." Caitlyn reiterated that Constantatos' behavior had been going on for a long time and that she was uncomfortable working around him. Shockingly, in response, Bavaro stated words to the effect of, "some people like it and some people don't."

17. Following this conversation, Constantatos repeatedly contacted Caitlyn regarding her allegations. Later that night, Bavaro texted Caitlyn the following message, "Hi I spoke to [M]ike[.] [H]e's very upset[.] [H]e wants to call you. Can he call you now[?]" Later that night, Bavaro texted Caityln that Constantatos wanted to "talk it out," and she asked Caityln to call

4

Constantatos back or meet with him in person to do so.

18. On August 9, 2019, Caitlyn messaged Bavaro that she was extremely uncomfortable and that she did not want to have a conversation with Constantatos. Later that day, Bavaro left Caitlyn a voicemail, which stated, generally, that it would be a better work environment for both Caitlyn and Constantatos if she and her assailant "talked it out." Through text message, Bavaro also threatened, "…you both work at the restaurant. If you want to continue working here it has to be addressed and talked about."

19. Despite Caitlyn expressing that she did not want to speak with Constantatos, he continued to contact her. On August 9, 2019, Caitlyn texted Constantatos to stop calling her. Specifically, Caitlyn texted him the following, "Mike I got your voicemail. I don't really know how you are shocked. The constant sex comments and the way you've been touching me are completely inappropriate. I've asked you so many times to stop, but you won[']t let up. I can't take it anymore. Please don't call me."

20. Due to (1) the above-mentioned incidents of sexual harassment, (2) Bavaro's inappropriate and threatening response to the same, and (3) Constantatos repeatedly contacting her against her wishes, the workplace became unbearable for Caitlyn. On or around August 9, 2019, Caitlyn informed Bavaro that she would be unable to go to work the next day because she did not want to see Constantatos and needed some time to process what she had suffered.

21. In the upcoming weeks, Caitlyn was removed from the schedule and was never given any future shifts. Bavaro never followed up with Caitlyn regarding her return or reached out to her further to discuss any corrective measures. Upon information and belief, Caitlyn was not provided any further shifts in retaliation for her complaints of sexual harassment.

22. As a result of the aforementioned comments and conduct, Plaintiff has suffered financially, physically, and emotionally.

### CLAIMS FOR RELIEF

23. As described above, Defendant MET 93, INC. subjected Plaintiff to a hostile work environment and adverse employment actions based on her gender and retaliatory animus in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq.*, and the New York State Human Rights Law, N.Y. Exec. Law §290 *et seq*

24. As described above, Defendant Constantatos and aided and abetted these actions by subjecting Caitlyn to a hostile work environment based on gender and retaliatory animus in violation of New York State Human Rights Law, N.Y. Exec. Law §290 *et seq.*

25. As described above, Defendant Constantatos and aided and abetted these actions by failing maintaining to maintain a workplace free from discrimination, sexual harassment, and retaliatory animus and by failing to properly investigate and remediate discrimination, sexual harassment, and retaliation in the workplace in violation of New York State Human Rights Law, N.Y. Exec. Law §290 *et seq.*

**WHEREFORE**, Plaintiff demands judgment for compensatory, emotional, physical, and punitive damages (where applicable), as well as lost pay, front pay, interest, and any other damages permitted by law. Plaintiff also demands judgment against defendants for each cause action and for all applicable and permissible damages, in an amount to be assessed at the time of trial. Plaintiff further demands all attorneys' fees, disbursements and other costs and all further relief, equitable or otherwise, to which Plaintiff is entitled and/or which the court deems just and proper.

Dated: Carle Place, New York
      June 15, 2022

                                        LEEDS BROWN LAW, P.C.
                                        Attorneys for Plaintiff
                                        One Old Country Road, Suite 347
                                        Carle Place, New York 11514
                                        (516) 873-9550

                                        _____
                                                Aaron Ferri